**Aldine M. MAYS, M.D.**

v.

**HOSPITAL AUTHORITY OF HENRY COUNTY; James P. Brown; Otis Bellamy; G.R. Foster, Jr., M.D.; A.A. Maliza; Geraldine W. Helton; R·bert Engeman; Gene Morris; Russell L. Eaton, individually and as members of The Board of Trustees of the Hospital Authority of Henry County; V. Stephen Cole, individually and as Administrator of Henry General Hospital; Southside Radiological Services, P.C.; Steven Clines, M.D.; Gordon Goldstein, M.D.; Peter Phillips, M.D.; Carlos Ordonez, M.D.; Donald Durrett, M.D.; James Zimmer, M.D.**

Civ. No. C82–2661.

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 30, 1984.

John J. Flynt, Jr., Smalley, Cogburn & Flynt, P.C., Griffin, Ga., for plaintiff.

Philip T. Keen, McDonough, Ga., Robert G. Tanner, Long, Weinberg, Ansley & Wheeler, Kevin E. Grady, Alston & Bird, Harvey S. Gray, Atlanta, Ga., for defendants.

### ORDER

ORINDA D. EVANS, District Judge.

This case is before the court on the summary judgment motions of the Plaintiff and of both sets of Defendants.

On April 3, 1984, the court ordered the Plaintiff, Aldine M. Mays, Jr., M.D., to show cause why his summary judgment motion should not be denied and Defendants' summary judgment motions granted, in light of the Supreme Court's decision in *Jefferson Parish Hospital District No. 2 v. Hyde,* —— U.S. ——, 104 S.Ct. 1551, 80 L.Ed.2d 2 (1984). The Plaintiff timely filed a brief pursuant to the order, and the Defendants thereafter filed responsive briefs. On the basis of these submissions and the substantial record in this case, the court denies Plaintiff's motion and grants Defendants' motions for summary judgment.

The facts of the case are set forth in detail in the court's January 9, 1984 order. Henry General Hospital is a non-profit facility in Stockbridge, Georgia, owned and operated by the Hospital Authority of Henry County (the Authority). The hospital's administrators, its trustees and the Authority are all defendants in this action.

Dr. Mays is a member of the hospital's medical staff. In this suit, he challenges a contract between the Authority and Defendant Southside Radiological Service, P.C. (Southside) that gives Southside exclusive privileges to provide primary radiological services at Henry General. Dr. Mays previously held those privileges at Henry General under an exclusive contract of his own. Dr. Mays currently has privileges to perform second readings of radiological procedures at Henry General, when requested by hospital patients. He also enjoys family medicine privileges at the hospital.

On January 9, 1984, the court granted the Defendants summary judgment on Dr. Mays' equal protection, due process, defamation and Health Insurance for the Aged Act claims. The court deferred a ruling on Dr. Mays' antitrust claim, which alleges that the hospital's exclusive contract with Southside is an illegal tying agreement. The court now considers Dr. Mays' antitrust claim in light of the Supreme Court's decision in *Hyde.*

*Hyde* presented the question whether an exclusive services contract between a hospital and an anesthesiology firm was unlawful *per se* under the Sherman Act as an illegal tying agreement. The plaintiff alleged that the exclusive contract illegally tied anesthesia services to operating room services at the hospital. The Supreme Court held that the hospital in question did

not have the kind of dominant market position that would justify application of the *per se* rule against tying. —— U.S. at ——, 104 S.Ct. at 1567. The Court then held that the contract did not violate the Sherman Act under a Rule of Reason analysis, on the grounds that no unreasonable restraint on competition had been shown.

In his brief after the *Hyde* decision, the Plaintiff appears to have conceded that the Southside contract is not a *per se* Sherman Act violation. Plaintiff's Brief of April 20, 1984, p. 2. However, Plaintiff argues that he should be given further opportunity to prove that the agreement is illegal as an unreasonable restraint on competition.

The court does not agree. The discovery period ended more than a year ago. The Plaintiff has previously stated that the facts in the case are not in dispute (Plaintiff's Brief of October 14, 1983, p. 11), and that this case is "factually indistinguishable" from *Hyde*. (*Id.* at p. 19). All of the parties have addressed the Rule of Reason issue in previous briefs.

This factual record indicates no adverse effect of the Southside contract on competition among radiologists. This appears to be the case regardless of the market area chosen.

Within Henry County, where patients at the hospital formerly had the choice of only one radiologist, they now can choose among the six radiologists of Southside. Dr. Mays has now set up his own outpatient radiology clinic across the road from Henry General. In nearby sections of Fulton and Clayton counties, there are at least two other hospitals offering hospital and radiological services. One of these hospitals has an open staff policy with regard to radiologists. The Atlanta area as a whole encompasses as many as 30 hospitals offering hospital care and radiological services.[1]

The Plaintiff has not shown an adverse effect on quality, price or availability of radiological services in any of these markets.[2] "Without a showing of actual adverse effect on competition, respondent cannot make out a case under the antitrust laws." *Hyde*, —— U.S. at ——, 104 S.Ct. at 1568.

The court therefore finds that there is no genuine issue of material fact and that the Defendants are entitled to judgment as a matter of law.

The court hereby DENIES Plaintiff's motion for summary judgment and GRANTS Defendants' motion for summary judgment. The Clerk is DIRECTED to enter final judgment in favor of the Defendants.

---

1. See 1981 No. Ga. Health Systems Agency Study, p. 113, attached to October 4, 1983 Youngerman affidavit submitted by Plaintiff.

2. The Court in *Hyde* also noted the inherent barriers to free competition among physicians at a particular hospital. The Court pointed out that even if there were no exclusive contract,

"the range of alternatives open to the patient would be severely limited by the nature of the transaction and the hospital's unquestioned right to exercise some control over the identity and the number of doctors to whom it accords staff privileges." —— U.S. at ——, 104 S.Ct. at 1568.